# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

**FILED**
JUL 26 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

# CR 18    340

**VC**

MICHAEL JAMES FREW,

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud (Two Counts);
18 U.S.C. § 1341 - Mail Fraud (Two Counts);
18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (Two Counts);
18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1), 982(b)(1) and
28 U.S.C. § 2461(c) - Forfeiture Allegations

---

A true bill.

_____ Foreman

Filed in open court this _26th_ day of
_July, 2018_

ROSE MAHER
_____ Clerk

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

Bail, $ _____

NO BAIL ARREST WARRANT

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

--- OFFENSE CHARGED ---

18 USC 1343 - Wire Fraud (Two Counts)
18 USC 1341 - Mail Fraud (Two Counts)
18 USC 1957 - ~~Money Laundering (One Count)~~

~~UNDER SEAL~~

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: As to 1343 and 1341 - 20 years imprisonment each count
As to 1957 - 10 years imprisonment each count
Also as to each count - $250,000 fine, restitution, forfeiture, $100 special assessment, potential deportation

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

--- DEFENDANT - U.S ---
▶ Michael James Frew

DISTRICT COURT NUMBER
CR 18  340

FILED
JUL 26 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VC

--- DEFENDANT ---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
☒ 1) If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ ~~Is on Bail~~ or Release from (show District)

--- PROCEEDING ---

Name of Complaintant Agency, or Person (& Title, if any)
FBI, IRS

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from ~~another district~~ per (circle one) FRCrp 20, 21, or 40. Show ~~District~~

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form ___ Alex Tse ___
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) ___ Robert David Rees ___

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
1100 Ave A North, Apt. A9, Beatty, NV 89003

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Comments:

ALEX G. TSE (CABN 163973)
Acting United States Attorney

FILED

JUL 26 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JAMES FREW, <br><br> Defendant. | CASE NO. CR 18 340 VC <br><br> VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud (Two Counts); 18 U.S.C. § 1341 – Mail Fraud (Two Counts); 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (Two Counts); 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), and 28 U.S.C. § 2461(c) – Forfeiture Allegations <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. The defendant, MICHAEL JAMES FREW, was an individual who resided in and around Hillsborough in the State of California in the Northern District of California, and elsewhere.

2. FREW maintained and exercised control over a bank account in his name at Citibank, numbered ending in 2626, which FREW opened in San Francisco, California. Statement addresses for this account were mailed to Hillsborough, California.

3. FREW also maintained and exercised control over a bank account in his name and the name of his wife at Citibank, numbered ending in 7405.

INDICTMENT

### The Scheme and Artifice

4. Beginning on a date unknown to the Grand Jury, but by no later than in or about 2010, and continuing until in or about March 2014, FREW devised and executed a scheme and artifice to defraud victims as to a material matter and to obtain money and property from victims by means of materially false and fraudulent pretenses, representations, and promises, and by concealment and omission of material facts, with a duty to disclose.

5. As part of the scheme and artifice, FREW solicited investments from numerous individuals on the false premises that their money would be invested through FREW into real estate in foreign countries, in areas under recent distress from natural disasters, or in some instances both. After receiving such solicitations, victim "investors" provided funds to FREW for the purpose of allowing FREW to invest those funds on their behalf. In fact, FREW primarily used these "investments" to support his personal lifestyle, to speculate on the stock market in an account in his name, and/or to repay other victim "investors."

6. As further part of the scheme and artifice, FREW made payments to various victim "investors," which payments were designed to "lull" the investors into a false sense of security, lead them to believe that the promises made to them would be fulfilled, postpone or prevent the victims' complaints to law enforcement, otherwise conceal and prevent detection of the scheme and artifice, and/or induce victims to "invest" more money with FREW.

### Manner and Means of the Scheme and Artifice

7. In or about late 2012, FREW represented to D.V. and G.V., individuals located in the Northern District of California, that FREW could invest their money in foreign real estate under recent distress from a natural disaster and generate a 10% return. On or about January 18, 2013, after Frew communicated that material misrepresentation and others, D.V. and G.V. wired $300,000 to FREW's individual Citibank account. In or about September 2013, FREW represented to D.V. and G.V. that he had a similar short-term investment available that could also generate a 10% return. On or about September 23, 2013, after Frew communicated that material misrepresentation and others, D.V. and G.V. gave FREW $80,000, $30,000 by check and $50,000 by wire. Instead of investing that money on behalf of D.V. and G.V., among other things, FREW spent it on personal expenses, used some proceeds

INDICTMENT                                          2

1  to speculate on the stock market in an account in his name, and used other proceeds to repay other
2  victim "investors."
3        8.    In or about 2008 or 2009, FREW represented to I.M. that FREW could invest his money
4  in real estate under recent distress from natural disasters that made a 10%-12% return. After Frew
5  communicated that material misrepresentation and others, I.M. provided money to FREW on more than
6  one occasion between 2009 and 2013. Instead of investing that money on behalf of I.M., among other
7  things, FREW spent it on personal expenses and used some proceeds to repay other victim "investors."
8  In order to "lull" I.M. into a false sense of security, lead him to believe that the promises made to him
9  would be fulfilled, postpone or prevent his potential complaints to law enforcement, and otherwise
10 conceal and prevent detection of the scheme and artifice, FREW wrote a check to I.M. in the amount of
11 $50,000 on or about September 30, 2013. The money for this check primarily originated from other
12 "investors" funds, including D.V. and G.V.
13       9.    In or about October 2013, FREW represented to D.C. that FREW could invest his money
14 in foreign real estate with a high rate of return. On or about October 28, 2013, after Frew communicated
15 that material misrepresentation and others, D.C. mailed $50,000 to FREW, who deposited it in his
16 individual Citibank account. On or about January 6, 2014, after Frew communicated that material
17 misrepresentation and others, D.C. mailed $45,000 to FREW, who deposited it in his individual Citibank
18 account. Instead of investing that money on behalf of D.C., among other things, FREW spent it on
19 personal expenses and used some proceeds to repay other victim "investors."
20       10.   In or about January 2014, FREW represented to J.C. that FREW could invest his money
21 in foreign real estate under recent distress from a natural disaster with a high rate of return. On or about
22 January 28, 2014, after Frew communicated that material misrepresentation and others, J.C. wired
23 $100,035.48 to FREW's individual Citibank account. Instead of investing that money on behalf of J.C.,
24 among other things, FREW spent it on personal expenses and used some proceeds to repay other victim
25 "investors."
26       11.   In or about December 2011, FREW represented to J.L.C. that FREW could invest her
27 money in foreign real estate under recent distress from natural disasters with a high rate of return. After
28 FREW communicated that material misrepresentation and others, J.L.C. provided money to FREW on

INDICTMENT                                        3

more than one occasion between 2011 and 2012. Instead of investing that money on behalf of J.L.C., among other things, FREW spent it on personal expenses and used some proceeds to repay other victim "investors." In order to "lull" J.L.C. into a false sense of security, lead her to believe that the promises made to her would be fulfilled, postpone or prevent her potential complaints to law enforcement, and otherwise conceal and prevent detection of the scheme and artifice, FREW wrote a check to J.L.C. in the amount of $40,000 and mailed it to her on or about February 3, 2014. The money for this check primarily originated from J.C.'s "investment."

COUNTS ONE AND TWO: (18 U.S.C. § 1343 – Wire Fraud)

12. The factual allegations contained in paragraphs 1 through 11 are re-alleged and incorporated herein.

13. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

MICHAEL JAMES FREW,

having devised and intended to devise a scheme and artifice to defraud victims as to a material matter, and to obtain money and property from victims by means of materially false and fraudulent pretenses, representations, and promises, and by concealment and omission of material facts, with a duty to disclose, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, in interstate commerce, by means of wire communication, certain writings, signs, and signals, as more specifically described below:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | 09/23/2013 | Wire transfer of $50,000 from D.V. and G.V.'s bank account to FREW's individual Citibank account numbered ending in 2626 |
| TWO | 01/28/2014 | Wire transfer of $100,035.48 from J.C.'s Fidelity account to FREW's individual Citibank account numbered ending in 2626 |

Each in violation of Title 18, United States Code, Section 1343.

COUNTS THREE AND FOUR:    (18 U.S.C. § 1341 – Mail Fraud)

14. The factual allegations contained in paragraphs 1 through 11 are re-alleged and incorporated herein.

INDICTMENT                                            4

1     15.     On or about the dates set forth in the separate counts below, in the Northern District of
2  California and elsewhere, the defendant,
3                              MICHAEL JAMES FREW,
4  having devised and intended to devise a scheme and artifice to defraud victims as to a material matter,
5  and to obtain money and property from victims by means of materially false and fraudulent pretenses,
6  representations, and promises, and by concealment and omission of material facts, with a duty to
7  disclose, for the purpose of executing such scheme and artifice, did use, and cause to be used, the mails
8  to carry out and attempt to carry out an essential part of the scheme, as more specifically described
9  below:

| COUNT | DATE | DESCRIPTION OF MAILING |
|---|---|---|
| THREE | 10/28/2013 | Mailing of check for $50,000 drawn on D.C.'s bank account to FREW, which he deposited in his individual Citibank account numbered ending in 2626 |
| FOUR | 01/06/2014 | Mailing of check for $45,000 drawn on D.C.'s bank account to FREW's individual Citibank account numbered ending in 2626 |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS FIVE AND SIX:     (18 U.S.C. § 1957 – Engaging in Monetary Transactions in
                                         Property Derived from Specified Unlawful Activity)

    16.     The factual allegations contained in paragraphs 1 through 11 are re-alleged and incorporated herein.

    17.     On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

                              MICHAEL JAMES FREW,

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, such funds having been derived from the specified unlawful activities of wire and mail fraud:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| FIVE | 09/30/2013 | Check #5956 for $50,000 from FREW's individual Citibank account numbered ending in 2626 deposited to I.M.'s bank account |

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| SIX | 02/07/2014 | Check #6069 for $40,000 from FREW's individual Citibank account numbered ending in 2626 deposited to J.L.C.'s bank account |

Each in violation of Title 18, United States Code, Section 1957.

<u>FORFEITURE ALLEGATIONS</u>:   (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b)(1) and 28 U.S.C. § 2461(c))

18.   The factual allegations contained in paragraphs 1 through 11 are re-alleged and incorporated herein.

19.   Upon a conviction for any of the offenses alleged in Counts One through Four of this Indictment, the defendant,

MICHAEL JAMES FREW,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real and personal, constituting, and derived from, proceeds the defendant obtained directly and indirectly as the result of those violations, including but not limited to a forfeiture money judgment representing the amount of proceeds obtained as a result of the offenses and scheme to defraud alleged in Counts One through Four.

20.   If, as a result of any act or omission of the defendant, any of said property identified above:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

the United States shall, pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)), seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

INDICTMENT                            6

21. Upon a conviction for the offenses alleged in Counts Five and Six of this Indictment, the defendant,

MICHAEL JAMES FREW,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to a forfeiture money judgment in the amount of the financial transactions alleged in Counts Five and Six.

22. If, as a result of any act or omission of the defendant, any of said property identified above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the United States shall, pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)(1)), seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: July 26, 2018

A TRUE BILL.

_____
FOREPERSON

ALEX G. TSE
Acting United States Attorney

_____
JOHN H. HEMANN
Deputy Chief, Criminal Division

(Approved as to form: _____ )
AUSA Robert David Rees

INDICTMENT         7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JUL 26 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

UNDER SEAL

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| **CASE NAME:** USA v. Michael James Frew | **CASE NUMBER:** CR CR 18 340 VC |
| Is This Case Under Seal? | Yes ✓   No |
| Total Number of Defendants: | 1 ✓   2-7   8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes   No ✓ |
| Venue (Per Crim. L.R. 18-1): | SF ✓   OAK   SJ |
| Is this a potential high-cost case? | Yes   No ✓ |
| Is any defendant charged with a death-penalty-eligible crime? | Yes   No ✓ |
| Is this a RICO Act gang case? | Yes   No ✓ |
| Assigned AUSA (Lead Attorney): Robert David Rees | Date Submitted: 7/26/18 |

**Comments:**

RESET FORM     SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)